JOHN D. MAATTA (SBN 83683)
john@frostllp.com
JESSE FRANKEL (SBN 364818)
jfrankel@frostllp.com
FROST LLP
10960 Wilshire Boulevard, Suite 2100
Los Angeles, California 90024
Telephone: (424) 254-0441
Facsimile: (424) 600-8504

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Karl Kozak, an individual,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>Radial Entertainment, a California Joint Venture, Shout! Factory, LLC, a Delaware Corporation. Filmrise, Inc, a Delaware, Corporation,<br>　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>1. **COPYRIGHT INFRINGEMENT**<br>2. **BREACH OF CONTRACT**<br>3. **ACCOUNTING**<br>4. **UNJUST ENRICHMENT/ CONSTRUCTIVE TRUST**<br>5. **BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br>6. **CONVERSION**<br>7. **BREACH OF FIDUCIARY DUTY**<br>8. **DECLARATORY RELIEF**<br>9. **UNFAIR BUSINESS PRACTICES (CAL. BUS. & PROF. CODE § 17200)**<br>10. **QUANTUM MERUIT** |

COMPLAINT

## COMPLAINT FOR DAMAGES

1. Plaintiff Karl Kozak ("Kozak" or "Plaintiff") for his complaint against Defendants Radial Entertainment, Filmrise, Inc., and Shout! Factory, (collectively the "Defendants") alleges as follows:

## INTRODUCTION

2. Plaintiff through his company, Diversa Films, produced a motion picture (the "Film") that was written and copyrighted by Plaintiff.

3. Plaintiff arranged for the Film to be exploited for a lengthy distribution term by a third-party distributor.

4. Through a series of assignments and financial maneuvers, the Film was assigned to a series of distributors, including Defendants.

5. Defendants have failed and refused to make payment to Plaintiff of his share of the receipts due to Plaintiff.

## THE PARTIES

6. Karl Kozak ("Kozak") is an individual residing in San Diego County, California.

7. On information and belief, Radial Entertainment is joint venture formed to effectuate a merger between Shout! and FilmRise and is based in Los Angeles, CA.

8. Shout! Factory, LLC ("Shout!") is a company incorporated under the law of Delaware with its principal place of business in Los Angeles, CA.

9. Filmrise, Inc. ("FilmRise") is a company incorporated under the law of Delaware with its principal place of business in New York, NY.

## JURISDICTION AND VENUE

10. Plaintiff's first claim for relief arises under the copyright laws of the United States, as amended, 17 U.S.C. § 101, et seq. Accordingly, the Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

11. The Court has supplemental jurisdiction over the remainder of the claims pursuant to 28 U.S.C. § 1367.

1

COMPLAINT

12.    This Court has personal jurisdiction over Defendants pursuant to Fed. R. Civ. P. 4(k)(1)(A) as Defendants are subject to the jurisdiction of a court of general jurisdiction within the state of California.

13.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2) because Defendants are residents of Los Angeles County, and a substantial part of the events occurred in this District.

## GENERAL ALLEGATIONS

14.    Kozak authored and registered the screenplay *Clawed: The Legend of Sasquatch*, originally titled *Bigfoot: The Unknown Territory* (the "Film"), with the U.S. Copyright Office on April 16, 2003, listing himself as both author and claimant.

15.    On December 1, 2005, Kozak, through his company, Diversa, entered into an acquisition agreement with First Look Studios ("First Look") for the distribution and exploitation of the Film (the "Agreement").

16.    Under the Agreement, Diversa licensed the Film to First Look for a term of twenty-years from the date of the initial release of the Film. In exchange, First Look agreed to pay Diversa and its affiliated company Reel Films a share of gross receipts equal to 75% after first deducting an initial 30% share for First Look and then deducting distribution costs ("Kozak's Share"). First Look also agreed to provide an annual accounting and auditing rights.

17.    In or around 2007, Kozak effectuated the dissolution of Diversa with all rights, including the rights arising under the Agreement, being distributed to Kozak in his personal capacity as the sole member of the LLC.

18.    In late 2009 or early 2010, First Look defaulted on its lender obligations, prompting its lender, Merrill Lynch/Bank of America and Wells Fargo Bank, N.A. (each a Lender or the "Lenders"), to file suit in the Southern District of New York to foreclose on First Look.

19.    In March 2010, Nu Image (later Millennium/Our Alchemy) purported to assume the rights under a settlement agreement. The settlement agreement was

2

between First Look, First Look SPV, Nu Image Delaware Inc. , and Bank of America (as successor to Merrill Lynch) (the "Creditor") wherein Nu Image paid $5.8 million to the Creditor and, in exchange, received a Bill of Sale conveying the collateral that First Look owned, including the license of the Film.

20. Despite purporting to assume the license agreement, Millennium (and later FilmRise) refused to honor the specific obligations owed to Plaintiff, including but not limited to providing accounting statements and paying Kozak's Share.

21. Millennium repeatedly failed and refused to assume the obligations of providing an accounting or paying royalties while simultaneously seeking to enforce the contract against Plaintiff.

22. Although Millennium had acquired the Film in 2010, Plaintiff never received a single statement, dividend, update, or any communication despite Millennium's continued exploitation of the Film without payment. Millennium maintained that it had acquired the rights to the Film but had not inherited any reporting obligations. It was Millennium's position that it could sell the Film without paying the owners of the Film.

23. In 2018, Our Alchemy (which was formerly Millennium Entertainment) filed for Chapter 7 bankruptcy.

24. A stalking-horse bidder, OA Acquisitions LLC ("OA") , purchased OurAlchemy's assets which included the distribution rights to the Film.

25. The license agreement was ultimately assigned to FilmRise, who then merged with Shout! to create, Radial Entertainment. FilmRise (and Radial Entertainment) has distributed the film under the FilmRise banner continuously since FilmRise purported to gain the rights.

26. The joint position of Radial Entertainment, FilmRise and Shout! Factory is and at all times has been that acquisition of the Film carried no reporting or participation obligations.

27. As of the date of filing this complaint, the Defendants have  maintained

3

and continue to maintain that it has absolutely no obligation to account or pay any monies that are derivative of its continued exploitation of the Film.

28.     Somehow Defendants maintain that they holds distribution rights, but not reporting or royalty obligations, effectively denying the payment of Plaintiff's rightful share.

29.     Demand has been made on behalf of Plaintiff for an accounting of all revenue across all platforms that the Film is being distributed on.

30.     The Film continues to be exploited on major digital platforms with the FilmRise logo, generating revenue without any statements or payment to Kozak.

## FIRST CLAIM FOR RELIEF

### Copyright Infringement

### (Against All Defendants)

31.     Plaintiff realleges and incorporates by this reference the allegations contained in paragraphs 1 through 30, inclusive, as though they were fully set forth herein.

32.     By, without limitation, reproducing, advertising, selling, distributing, and otherwise exploiting the Film, and/or by authorizing and/or contributing to the foregoing, Defendants have infringed and will continue to infringe Kozak's copyright interests in the Film.

33.     Defendants' acts were, and continue to be, committed willfully and knowingly.

34.     As a result of Defendants' copyright infringement as alleged above, Kozak has suffered and will continue to suffer injury and damage in an amount to be determined at trial. Furthermore, Plaintiff is informed and believe, and based thereon allege, that Defendants have received or will receive profits, gains, or other benefits from their infringing activities, all of which should be disgorged to Kozak. In the alternative, Kozak reserves the right to seek statutory damages for Defendants' intentional infringement of its copyrighted works.

4

COMPLAINT

35.   Defendants' infringement of Kozak's copyrighted works has caused and will cause irreparable harm to Kozak which cannot be fully compensated by money. Kozak has no adequate remedy at law. Kozak is therefore entitled to preliminary and permanent injunctive relief, preventing Defendants from continuing to infringe Kozak's copyrighted works.

36.   Kozak has and will incur attorneys' fees in pursuing this action, which Kozak is entitled to recover from Defendants, pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF

### Breach of Contract

### (Against All Defendants)

37.   Plaintiff realleges and incorporates by this reference the allegations contained in paragraphs 1 through 36, inclusive, as though they were fully set forth herein.

38.   Defendants have assumed the license to distribute  the Film under the Agreement. Defendants were under an obligation of the contract to: (i) provide a yearly accounting, and (ii) provide Plaintiff with their share of the royalties gained through the exploitation of the Film. The terms of the Agreement are attached as **Exhibit A** and incorporated for reference.

39.   Plaintiff has performed all terms, conditions, and covenants on their part to be performed pursuant to the Agreement, except to the extent that such performance has been prevented or otherwise excused by the conduct of Defendants as alleged herein.

40.   Defendants have failed and refused to faithfully perform the Agreement and have breached the Agreement by, among other things: (i) failing to provide a yearly accounting, (ii) failing to provide Plaintiff with their share of the profits gained through the exploitation of the Film.

41.   On several occasions Plaintiff made demands on Defendants to faithfully perform these obligations pursuant to the terms of the Agreement, but the Defendants

5

have failed, refused, and neglected to do so.

42. Because of the breaches by the Defendant as herein alleged, Plaintiff has sustained damages in an amount to be proven at time of trial.

### THIRD CLAIM FOR RELIEF

### Accounting

### (Against All Defendants)

43. Plaintiff realleges and incorporates by this reference the allegations contained in paragraphs 1 through 42, inclusive, as though they were fully set forth herein.

44. Kozak is entitled to his *pro rata* share of the profits earned by Defendants through exploitation of Kozak's copyright as set out in the licensing agreement or as otherwise required by law.

45. Plaintiff was wrongfully deprived of their rightful share of profits by Defendants' commercial exploitation of the Film without accounting for profits to Plaintiff.

46. Defendants are in sole control of the books and records needed to determine the amounts due to Plaintiff. Plaintiff has no reasonable means by which they can obtain the information necessary to calculate what is owed to them by Defendants.

47. Plaintiff is entitled to an order of this Court directing Defendants to render a complete and honest accounting of all revenues derived from the exploitation of the Film and all sums due to Plaintiff. Plaintiff are entitled to a judgment in the amount of the sums shown due by such accounting.

### FOURTH CLAIM FOR RELIEF

### Unjust Enrichment

### (Against All Defendants)

48. Plaintiff realleges and incorporates by this reference the allegations contained in paragraphs 1 through 47, inclusive, as though they were fully set forth

6

COMPLAINT

herein.

49.    By their conduct as alleged above, Defendants have unjustly received a benefit to the detriment of Plaintiff, and such benefit violates fundamental principles of justice, equity and good conscience.

50.    Accordingly, Plaintiff is entitled to an order requiring Defendants to disgorge any and all such ill-gotten gains to Plaintiff.

## FIFTH CLAIM FOR RELIEF

### Breach of the Implied Covenant of Good Faith and Fair Dealing

### (Against All Defendants)

51.    Plaintiff realleges and incorporates by this reference the allegations contained in paragraphs 1 through 50, inclusive, as though they were fully set forth herein.

52.    Implied in every contract under California law is a covenant of good faith and fair dealing that neither party will do anything to injure the right of the other to receive the benefits of the agreement.

53.    Defendants have breached the implied covenant of good faith and fair dealing by claiming the right to exploit the Film under the Agreement while simultaneously repudiating the obligations to account for and pay Plaintiff's share of the revenues derived from such exploitation. Defendants have selectively enforced the beneficial terms of the Agreement, including the license to distribute the Film, while refusing to honor the corresponding obligations to provide annual accountings and to pay Kozak's Share.

54.    Defendants' conduct has frustrated Plaintiff's right to receive the benefits of the Agreement, including their right to receive royalty payments and periodic accountings of all revenues generated from the exploitation of the Film.

55.    As a direct and proximate result of Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered damages in an amount to be proven at trial.

7

COMPLAINT

## SIXTH CLAIM FOR RELIEF

### Conversion

### (Against All Defendants)

56.     Plaintiff realleges and incorporates by this reference the allegations contained in paragraphs 1 through 55, inclusive, as though they were fully set forth herein.

57.     Under the Agreement, Plaintiff is entitled to a specific, identifiable share of the gross receipts generated from the exploitation of the Film, equal to 75% of gross receipts after costs ("Kozak's Share"). Defendants have collected and continue to collect revenues from the distribution and exploitation of the Film on major digital platforms.

58.     Plaintiff has an ownership interest in a specific, identifiable portion of the revenues collected by Defendants. Defendants have wrongfully exercised dominion and control over Plaintiff's share of those revenues by retaining, commingling, and refusing to segregate or remit such funds to Plaintiff.

59.     As a direct and proximate result of Defendants' conversion of Plaintiff's property, Plaintiff has suffered damages in an amount to be proven at trial. Additionally, Plaintiff are entitled to punitive and exemplary damages due to the intentional wrongful conduct of Defendants.

## SEVENTH CLAIM FOR RELIEF

### Breach of Fiduciary Duty

### (Against All Defendants)

60.     Plaintiff realleges and incorporates by this reference the allegations contained in paragraphs 1 through 59, inclusive, as though they were fully set forth herein.

61.     Defendants, as the exclusive distributor of the Film, occupies a position of trust and confidence with respect to Plaintiff. Defendants have exclusive control over the exploitation, licensing, sublicensing, and distribution of the Film across all

8

COMPLAINT

platforms. Defendants are in sole possession and control of all books, records, and accounts reflecting the revenues generated from the Film. Plaintiff has no independent means of accessing or verifying such information.

62. By virtue of Defendants' exclusive control over the exploitation and revenues of the Film, and their obligation to collect, account for, and remit Plaintiff's share of such revenues, Defendants owe fiduciary duties to Plaintiff, including the duties of loyalty, good faith, full disclosure, and fair dealing.

63. Defendants have breached their fiduciary duties by, among other things: (i) failing to account for revenues derived from the Film; (ii) failing to remit Plaintiff's share of such revenues; (iii) failing to maintain and produce accurate books and records; and (iv) exploiting the Film for their own benefit to the exclusion and detriment of Plaintiff.

64. As a direct and proximate result of Defendants' breach of fiduciary duty, Plaintiff has suffered damages in an amount to be proven at trial.

## EIGHTH CLAIM FOR RELIEF

### Declaratory Relief

### (Against All Defendants)

65. Plaintiff realleges and incorporates by this reference the allegations contained in paragraphs 1 through 64, inclusive, as though they were fully set forth herein.

66. An actual and justiciable controversy exists between Plaintiff and Defendants concerning their respective rights and obligations under the Agreement. Defendants contend that they acquired the right to distribute and exploit the Film free of any obligation to account for or pay revenues to Plaintiff. Plaintiff contend that the obligations to provide annual accountings and to pay Kozak's Share run with the license and are binding on any successor or assignee, including Defendants.

67. Plaintiff is entitled to a judicial declaration, pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202, that: (i) the Agreement's obligations, including the duty to

9

COMPLAINT

provide annual accountings and to pay Kozak's Share, are binding on Defendants as successors and assignees of the license; (ii) Defendants are obligated to account for and pay to Plaintiff his share of all revenues derived from the exploitation of the Film; and (iii) Defendants may not exploit the Film without honoring the corresponding payment and reporting obligations under the Agreement.

68.    A judicial declaration is necessary and appropriate at this time so that the parties may ascertain their rights and obligations with respect to the Film.

### NINTH CLAIM FOR RELIEF

**Unfair Business Practices (Cal. Bus. & Prof. Code § 17200, et seq.)**

**(Against All Defendants)**

69.    Plaintiff realleges and incorporates by this reference the allegations contained in paragraphs 1 through 68, inclusive, as though they were fully set forth herein.

70.    Defendants' conduct as alleged herein constitutes unlawful, unfair, and/or fraudulent business acts and practices within the meaning of California Business and Professions Code section 17200, et seq. (the "UCL").

71.    Defendants' conduct is "unlawful" because it constitutes copyright infringement in violation of 17 U.S.C. § 101, et seq., and breach of contract as alleged herein. Defendants' conduct is "unfair" because Defendants have exploited the Film and generated revenue therefrom while refusing to account for or pay Plaintiff's contractual share, a practice that offends established public policy, is immoral, unethical, and oppressive, and causes substantial injury to Plaintiff that is not outweighed by any countervailing benefits. Defendants' conduct is "fraudulent" to the extent that Defendants have represented to digital platforms and the public that they possess lawful distribution rights while concealing their refusal to honor the economic terms under which those rights were granted.

72.    As a result of Defendants' unfair business practices, Plaintiff is entitled to restitution of all revenues wrongfully obtained by Defendants, and to injunctive

relief prohibiting Defendants from continuing to engage in the unlawful, unfair, and/or fraudulent business practices alleged herein.

### TENTH CLAIM FOR RELIEF

#### Quantum Meruit

#### (Against All Defendants)

73. Plaintiff realleges and incorporates by this reference the allegations contained in paragraphs 1 through 72, inclusive, as though they were fully set forth herein.

74. As an alternative to Plaintiff's breach of contract claim, and in the event the Court determines that no enforceable contract exists between Plaintiff and Defendants, Plaintiff plead this cause of action for quantum meruit.

75. Plaintiff conferred a benefit upon Defendants by creating the Film, registering the copyright therein, and licensing the Film into the distribution chain through which Defendants ultimately acquired the right to exploit it. Defendants have accepted and retained the benefit of exploiting Plaintiff's copyrighted work by distributing the Film on major digital platforms and generating revenue therefrom.

76. It would be unjust for Defendants to retain the benefit of exploiting the Film without compensating Plaintiff for the reasonable value of such use. Plaintiff are entitled to recover the reasonable value of the benefit conferred upon Defendants, in an amount to be proven at trial.

### ELEVENTH CLAIM FOR RELIEF

#### Constructive Trust

#### (Against All Defendants)

77. Plaintiff realleges and incorporates by this reference the allegations contained in paragraphs 1 through 76, inclusive, as though they were fully set forth herein.

78. Defendants hold revenues derived from the exploitation of Plaintiff's copyrighted Film, a specific and identifiable portion of which constitutes Kozak's

Share under the Agreement. Defendants' retention of such funds is wrongful and against equity and good conscience.

79.     Plaintiff is entitled to the imposition of a constructive trust upon all revenues, profits, and proceeds derived by Defendants from the exploitation of the Film, to the extent of Plaintiff's rightful share under the Agreement or as otherwise determined by the Court.

80.     A constructive trust is necessary to prevent Defendants from being unjustly enriched and to protect Plaintiff's interests in the event of any dissipation of assets or insolvency by Defendants.

## **PRAYER FOR RELIEF:**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

For general damages, according to proof at trial;

For actual and compensatory damages, according to proof at trial;

For statutory damages for willful copyright infringement pursuant to 17 U.S.C. § 504(c), in the alternative to actual damages and profits;

For disgorgement of all profits, gains, and other benefits received by Defendants from their infringing activities and exploitation of the Film, pursuant to 17 U.S.C. § 504(b);

For preliminary and permanent injunctive relief enjoining Defendants from further infringing Plaintiff's copyrighted works and from continuing to exploit the Film without accounting for and paying Plaintiff's share of revenues;

For a complete and honest accounting of all revenues, profits, and proceeds derived from the exploitation of the Film across all platforms and distribution channels;

For a declaratory judgment that the obligations of the Agreement, including the duty to provide annual accountings and to pay Kozak's Share, run with the license and are binding on Defendants as successors and assignees;

For the imposition of a constructive trust upon all revenues, profits, and proceeds derived by Defendants from the exploitation of the Film, to the extent of Plaintiff's rightful share;

For restitution of all revenues wrongfully obtained by Defendants through their unlawful, unfair, and/or fraudulent business practices, pursuant to California Business and Professions Code section 17200, et seq.;

For the reasonable value of the benefit conferred upon Defendants by Plaintiff, according to proof at trial;

For punitive and exemplary damages for Defendants' willful, oppressive, and fraudulent conduct, according to proof at trial;

For treble damages, as allowed by law;

For reasonable attorneys' fees pursuant to 17 U.S.C. § 505 and as otherwise allowed by law;

For costs of suit herein;

For prejudgment and post-judgment interest as allowed by law; and

For all such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demand a trial by jury on all issues and causes of action triable by a jury.

COMPLAINT

DATED:  March 31, 2026          FROST LLP


By: _____
     JOHN D. MAATTA
     JESSE FRANKEL
     Attorneys for Plaintiff

COMPLAINT